ARTURO E. BRAVO, demandante y apelado, *v.* LAS MONJAS RACING CORPORATION, demandada y apelante.

No. 5704.—*Sometido:* Junio 9, 1931. *Resuelto:* Julio 7, 1931.

*Feliú & La Costa,* abogados de la apelante; *Gabriel de la Haba,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El 31 de agosto de 1928, Arturo E. Bravo vendió un predio de terreno a Las Monjas Racing Corporation. En pago del precio, la compradora entregó a Arturo E. Bravo cinco pagarés de $12,000 cada uno, vencederos nominalmente el 31 de diciembre, 1929. Por convenio de las partes, uno de los cinco pagarés habría de ser pagado a su vencimiento, pero los otros cuatro estaban sujetos a prórroga. En los documentos evidenciando el convenio nada había que demostrara

el plazo de tiempo a concéderse. Arturo E. Bravo traspasó tres de los cuatro pagarés restantes y retuvo el otro. Este pagaré se redujo a cerca de $9,000 mediante pagos que la deudora efectuó antes del vencimiento. El pagaré no fué satisfecho a su vencimiento nominal, y las partes no lograron ponerse de acuerdo sobre el plazo a concederse. Así, pues, Arturo Bravo radicó el 30 de marzo de 1930 pleito para que se fijase el plazo, amparándose en el artículo 1095 del Código Civil. Ese artículo lee así:

"Si la obligación no señalare plazo, pero de su naturaleza y circunstancias se dedujere que ha querido concederse al deudor, los tribunales fijarán la duración de aquél.

"También fijarán los tribunales la duración del plazo cuando éste haya quedado a voluntad del deudor."

La contestación alegó varios hechos tendentes a establecer un plazo largo o pagos parciales. La corte, después de oír la prueba, el 16 de septiembre de 1930 fijó la fecha del pago en el 31 de diciembre, 1930.

■ Se nos pide que desestimemos esta apelación por dos motivos. Uno de ellos es que el recurso es frívolo. De la opinión de la corte resulta que de los $60,000 originalmente adeudados, la deudora, en adición a los $10,000 pagaderos al vencimiento (muy probablemente con intereses), satisfizo a los varios acreedores la suma de $11,333.33; que hubo prueba tendente a demostrar que la deudora había convenido en pagar $500 mensuales, lo que no había hecho; que, entre otras cosas, toda vez que la deuda sólo estaba garantida por una segunda hipoteca, la corte creía que no debía concederse un plazo de larga duración. La deudora también había probado sus otras deudas y obligaciones.

Ahora, puede ser que un examen de toda la evidencia nos convenza de que la corte actuó con acierto y que la deudora sólo estaba buscando ulteriores demoras. Hay bastante, sin embargo, en la faz de los procedimientos para sugerir que la deudora está efectuando pagos; que las condiciones han

variado desde que se celebró el contrato; que a pesar de sus anteriores faltas de pago la demandada tal vez no podría reunir prontamente $9,000 o más entre septiembre 16, 1930, cuando se dictó la sentencia, y diciembre 31, 1930. También debe recordarse que el acreedor probablemente tuvo algún buen motivo, al efectuar su venta, para sujetar los pagos a prórroga. Asimismo, vemos que la deudora pagó $10,000 en 1929, y para 1930 había pagado $11,000 adicionales. Es posible que algún tipo de pago semejante estuviera en las mentes de todas las partes cuando se hizo la venta. Nada sabemos de los pagos efectuados después de la sentencia, o quizás antes. Toda la prueba tendría que ser examinada antes de que concienzudamente pudiéramos decir que la apelación carece de mérito.

El tribunal, en ejercicio de su discreción, tal vez en alguna ocasión examinará toda la prueba para cerciorarse de si una apelación es frívola. En general, sólo se hará tal cosa cuando, después de la vista de una moción para desestimar, la parte apelada nos convenza claramente de que la apelación no tiene mérito. Si una apelación tiene visos de mérito, los tribunales no anticiparán la decisión, sino que preservarán el derecho de un apelante a tratar en una vista plenaria de convencer a la corte de la existencia de error o abuso de discreción. Autoridades tendentes a sostener estas conclusiones son Bancroft Code Practice & Remedies, tomo 9, página 9469; 2 Cal. Jur. 771-772, sección 451; y 4 C. J. 2382.

El apelado también solicita la desestimación porque el récord no fué radicado a tiempo. Se presentó una solicitud de prórroga ante la corte de distrito, cuando debió haber sido radicada en este tribunal. La apelante nos convence en una declaración jurada de que ése fué un error del que debe relevársele. Como no se trata de una cuestión jurisdiccional, haremos uso de nuestra discreción para negar la desestimación por ese fundamento.

*Se declara sin lugar la moción.*